## ROSENMEYER v. GREENBAUM.

(Supreme Court, Appellate Division, First Department. January 25, 1901.)

USURY—MORTGAGE—FORECLOSURE—DEFENSE.

> Plaintiff loaned $500 to her son, for which he was to pay 6 per cent. interest, and use the money as he pleased; and, if lost, the loss was to be his. He loaned the money to defendant, taking a note for $500, with interest, payable to plaintiff, and secured by mortgage; but defendant received only $462.50 on such note. Part payment was afterwards made, and a new note for the balance given. *Held,* in an action to foreclose the mortgage, that a judgment for plaintiff was erroneous, since she was not the real party in interest, and, though ignorant of the loan being made at a usurious rate, the note was void.

Appeal from special term, New York county.

Action by Pauline Rosenmeyer against Jacob G. Greenbaum to foreclose a mortgage. From a judgment at special term in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

William L. Mathot, for appellant.
Arnold Charles Weil, for respondent.

RUMSEY, J. On the 22d of June, 1898, Greenbaum gave to Mrs. Rosenmeyer a note for $500, due in six months, and secured by an assignment of his interest in certain real estate in the city of New York. The assignment was given as security for the loan, and was recorded

as a mortgage. The loan was extended from time to time, and in March, 1899, a payment was made upon it of a certain sum, and a note for $375 and interest, due in six months, was given for the amount said to be unpaid. That note not having been paid, an action was brought to foreclose the mortgage; the plaintiff claiming that there was due the sum of $375, with interest from the 22d of December, 1898. The defense was that the original loan was usurious, and that when the note for $375 became due a tender was made of the amount, which was refused, and thereupon the lien of the mortgage was discharged. The learned justice at the special term held that the plaintiff was unaware of the usurious character of the transaction which it was said had been had between the maker of the note and her agent, and for that reason ordered a judgment for the plaintiff. From that judgment this appeal is taken.

That the note was given for $500 and interest, and that the defendant received for that note only 462.50, are not disputed, but it is said that this transaction was had between Joseph Rosenmeyer, the son of the plaintiff, and Greenbaum; that the plaintiff herself was not aware of it, and supposed that she was to receive and had received but 6 per cent.; and that for that reason the case is within the rule laid down in Condit v. Baldwin, 21 N. Y. 219. Undoubtedly, if those were all the facts, the conclusion of the learned justice at the special term was correct; but, in our judgment, those facts do not include the whole case. It is quite true that this loan was made in the name of Pauline Rosenmeyer; but it is equally true that the money loaned was not the property of Pauline Rosenmeyer, but belonged to her son, who made the loan and took the usury, and it is almost necessarily to be inferred that the plaintiff's name was used simply to bring the case within the rule laid down in the case cited above. Mrs. Rosenmeyer testifies that she loaned the money to her son, that he was her debtor, and that she looked to him for the money. Rosenmeyer himself testifies that this money which was loaned to Greenbaum was lent to him personally by his mother, and he contributed it as capital to the firm of S. Aronson & Co.; that the money loaned on the $500 note was the money which his mother loaned to him, and concerning which he had testified; that the arrangement with his mother was that he should pay her 6 per cent., irrespective of what he should do with it; and that if he should make an investment, and the money should be lost, it was his loss. Although it was said by this witness that the money was his mother's money, yet he in no way qualified the statement made above; and the only conclusion that can be reached from that statement is that he had borrowed the money from his mother, that he was to pay her 6 per cent. for it, and that he loaned it just as he chose, and if it was lost she was in no way liable for it. The necessary result of this transaction is that, although the loan was made in the name of Pauline Rosenmeyer, yet she was a mere figurehead, and the actual party in interest was Joseph Rosenmeyer, her son, who made the loan, who owned the security, and was to receive the pay on it, and upon whom the loss would fall, if there was a loss. That being the case, and it appearing that he made this loan at a usurious rate, there can be no doubt that the note was void, and that the learned justice erred in com-

ing to the conclusion which he reached in respect to it. This conclusion requires us to reverse the judgment and order a new trial, without considering the question of the sufficiency or the effect of the tender, which was raised on the trial and on this appeal.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.